MilligaN, J.,
delivered the opinion of the Court.
This is one of those peculiar cases which are sometimes met with, in which neither party stands in an attitude to claim the protection of a court of equity. Both parties in the cause, appear, in the original cause out of which this proceeding grew, to •have been tainted with an illegal and champertous agreement, for which the original bill was dismissed, and the judgment here complained of, pronounced.
The facts necessary to be noticed, are briefly as *266 follows: Many years ago, the firm of Leftwitch & Carrick, which was composed of the complainant and Samuel V. Carrick, who is now dead, obtained a “large judgment” against William M. Bates, from which, as is alleged in this bill, they dispaired of realizing anything, and authorized their attorney to transfer the judgment to the defendant, Armstrong, but as is stated in the bill, without liability for costs. Under this transfer and agreement, Armstrong was to have one-half of the amount collected; and he, afterwards, to secure the debt, filed a bill in the name of the complainants against Bates, which, after several years litigation, was dismissed for champerty, and the judgment now sought to he perpetually enjoined, pronounced against complainant and defendant Armstrong, as their security for costs. From this judgment an appeal was prosecuted to this Court, and the decree of the Chancellor affirmed at its December Term, 1856.
It is further alleged in the Bill as the ground of equity, that Armstrong used complainants names in the original bill, without their knowledge or consent, and that he alone was interested in the money; and as they derived no benefit from the litigation, they should not be held responsible for any part of the judgment.
The answer admits the champertous agreement, and denies that the judgments were transferred to defendant in any other way than as the agent of complainant, and that he was responsible to them for one-half the recovery, and that they had full knowl *267 edge of the use of their names in the original bill, and that there was no agreement by which complainants were not to be held liable for costs.
The proof is very meagre and unsatisfactory. It consists of only one deposition, and a statement of John L. G-oodall, made in the former cause, and constituted a part of the record in that case. Exceptions were taken to the reading of this paper, but the record fails to show any action of the Court upon them, and the paper is here as part of the record.
Under this state of facts, the Chancellor sustained the bill, and as to the complainants, perpetually enjoined the execution issued from this Court, and declared the judgment, as to complainants, null and void.
In this we think there is error, and the decree of the Chancellor must be reversed. To say nothing of the power of a court of equity, to declare void a judgment of this Court, or to- stay, by injunction, its process, there is abundant reason in the record for reversing the decree. The statement of Goodall, taken from the record of the former case, was improperly admitted as evidence by the Chancellor, without the production of the entire record. This Court has repeatedly held, that a record is one whole, and when produced as evidence, it can not be garbled.
But it is insisted, that, if Goodall’s statement should be excluded, the testimony of Gardenhire is sufficient to sustain the allegations in the -bill. He states that the defendant, Armstrong, more than once told him, “that he had bought Leftwick & Carrick’s interest in the claim.” This may all be true, but in *268 our view of this case, it can not weigh against the solemn judgment of this Court, which is substantially admitted in the bill and answer, to have been predicated upon the champertous agreement, made by complainant’s attorney and defendant, Armstrong, about the identical judgment of which the witnesses speak. The verity of a record is not to be impeached by testimony aliunde : The Bank ■ of Tennessee vs. Patterson et als., 8 Hum., 363. Superadded to this, the bill itself contains the evidence, that complainants did not regard the judgment as absolutely transferred to the defendant. No consideration is alleged as having been given for them; and more than once it is re peated, that a large amount might have been ' collected on the judgment, had it not been for the bad management of the defendant.
The whole case presents so may objectionable features in both parties, that we are constrained to dismiss the bill; and each party will pay one-half the costs in this Court, and in the Court below.